# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO\*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK\*
JONATHAN S. SACK\*\*
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

charwood@maglaw.com
(212) 880-9547

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

\*ALSO ADMITTED IN WASHINGTON, D.C.
\*\*ALSO ADMITTED IN CONNECTICUT

October 25, 2023

**By ECF**
Hon. P. Kevin Castel
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re:   *Schottenstein et al. v. Capla et al.*, No. 22-10883-PKC (S.D.N.Y.)

Dear Judge Castel:

I represent defendants Orthogen International GmbH ("Orthogen"), Peter Wehling, Nina Breidenbach, and Peter Niederau (collectively, the "Orthogen Defendants") in this case, and write respectfully in response to the letter submitted by Plaintiffs, dated October 24, 2023 (the "October 24 Letter"), in which Plaintiffs move "to sever and withdraw all claims and dismiss the complaint as against [the FDA], and to amend the captain to delete the FDA." Dkt. 84. The Orthogen Defendants have no objection to the dismissal of the FDA, but in their October 24 Letter, Plaintiffs also state that they "intend to move to further amend the complaint herein . . . after defendants serve their Fed. R. Civ. P. 12(b)(6) motion(s)." *Id.* For the reasons set forth below, if the Court is inclined to allow Plaintiffs to file a further amended complaint, the Orthogen Defendants respectfully request that (i) Plaintiffs be required to do so before the Orthogen Defendants file their motion to dismiss (for which the current deadline is October 30, 2023) to avoid the Orthogen Defendants incurring additional expense on a motion directed at a complaint that Plaintiffs have now said they intend to abandon, (ii) the deadline for the Orthogen Defendants to file their motion to dismiss be extended to 21 days after Plaintiffs file their further amended complaint, and (iii) Plaintiffs not be permitted to amend again after they file what will be their fourth complaint — after already having had the benefit of two pre-motion letters identifying the Orthogen Defendants' arguments.

After Plaintiffs filed their Amended Complaint, the Orthogen Defendants filed a pre-motion to dismiss letter on July 7, 2023, in which they identified multiple dispositive defects as to the claims that Plaintiffs had asserted against them, many of which were (and remain) incurable: (i) New York is not the proper venue for Plaintiffs' claims, because the claims all arise from a license agreement that contains an exclusive and mandatory German forum selection

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. P. Kevin Castel
Page 2

clause in favor of all Orthogen Defendants, (ii) Plaintiffs failed to establish that this Court has subject matter jurisdiction because Plaintiffs' declaratory judgment claim against the FDA is not cognizable (and thus they could not establish federal question jurisdiction), and Plaintiffs failed to plead facts sufficient to establish diversity jurisdiction (because they had not alleged that the Caplas were domiciled in Florida at the time Plaintiffs filed their initial Complaint), (iii) Plaintiffs failed to plead facts sufficient to establish the elements of their claims and/or the claims otherwise are not cognizable; and (iv) Plaintiffs failed to allege facts to establish that any of the individual Orthogen Defendants had sufficient contacts with New York to support the exercise of personal jurisdiction over them.  *See* Dkt. 77 at 1-7 & n. 3.  The Orthogen Defendants' co-defendants, Edwards and Yolanda Capla (the "Caplas") filed a similar pre-motion letter on June 30, 2023.  Dkt. 57.

In response to the Orthogen Defendants and the Caplas' pre-motion letters, on July 14, 2023, Plaintiffs sought leave to file their Second Amended Complaint "to address the points raised by both Defendant groups."  Dkt. 65.  On July 19, 2023, the Court granted Plaintiffs leave to file the Second Amended Complaint.  Dkt. 66.  The Second Amended Complaint, however, failed to cure a single deficiency identified by the Orthogen Defendants in their original pre-motion letter.  Accordingly, on August 18, 2023, the Orthogen Defendants filed a renewed pre-motion letter, arguing that for the reasons set forth therein (which were the same reasons in Orthogen's original pre-motion letter), the Second Amended Complaint should be dismissed, but this time with prejudice because Plaintiffs had by then had three bites at the apple and demonstrated an inability to plead an actionable claim against the Orthogen Defendants.  *See* Dkt. 71.  The Caplas filed a similar renewed pre-motion letter on September 5, 2023.  Dkt. 75.

On September 14, 2023, the Court entered a Scheduling Order in which it noted that "in response to the [above-referenced] pre-motion letters, plaintiffs have . . . declined to state unambiguously whether they seek leave to amend at this time (as they are required to do under this Court's Individual Practices) and instead have offered a non-specific assertion that in the event of dismissal 'further amendments should be allowed.'"  Dkt. 77 at 1. The Court therefore "conclude[d] that the Second Amended Complaint presents the plaintiffs' strongest and best claims," and it set a motion to dismiss briefing schedule with opening briefs due by October 30, 2023.  *Id.* at 1-2.  The Court added that "Rule 16(b)(3)(A) provides that a Court's 'scheduling order must limit the time to . . . . amend the pleadings," and "[p]ursuant to that authority, the Court . . . limit[ed] the time to move to amend to a date no later than 21 days from the filing of the motion to dismiss."  *Id.* at 2.

Later that same day (on September 14, 2023), Plaintiffs submitted a letter requesting reconsideration of the Court's Scheduling Order.  Dkt. 78.  The Court denied Plaintiffs' request on September 18, 2023.  Dkt. 79.  More than a month later, Plaintiffs filed their October 24 Letter seeking to dismiss their claim against the FDA and stating that they "intend to move to further amend the complaint herein, as provided in the Court's order of September 14, 2023 (Docket entry 77)[,] after defendants serve their Fed. R. Civ. P. 12(b)(6) motion(s)."  Dkt. 84.  Other than removing the claim against the FDA, however, Plaintiffs have not identified what

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. P. Kevin Castel
Page 3

amendments they plan to make or how the amendments could cure the dispositive defects in their existing Second Amended Complaint.

      The Orthogen Defendants already have incurred meaningful expense in working to prepare their motion to dismiss the Second Amended Complaint, including with respect to a claim against the FDA that (i) the Orthogen Defendants twice demonstrated to Plaintiffs was not cognizable (*i.e.*, in the Orthogen Defendants' two pre-motion letters) and (ii) Plaintiffs nevertheless waited until the eve of the motion to dismiss deadline to move to dismiss. Accordingly, and in light of all of the above, if the Court is inclined to allow Plaintiffs to amend again, the Orthogen Defendants respectfully request that (i) Plaintiffs be required to do so before the Orthogen Defendants file their motion to dismiss, (ii) the deadline for the Orthogen Defendants to file their motion to dismiss be extended to 21 days after Plaintiffs file their further amended pleading, and (iii) Plaintiffs not be permitted to amend again after they file their further amended pleading.

      I thank the Court for its consideration of this letter.

Respectfully submitted,

/s/ Christopher B. Harwood
Christopher B. Harwood

cc: all parties (by ECF)