

**Richard B. Rosenthal, Esq**

*Handwritten annotation:* Time for plaintiff to amend extended to December 1, 2023. The application (ECF 90) otherwise DENIED. SO ORDERED. /s/ P. Kevin Castel USDJ 11-13-23

November 13, 2023

**VIA ELECTRONIC CASE FILING ONLY**
Honorable P. Kevin Castel, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re: Schottenstein et al . v . FDA et al., Capla et al., and Orthogen International GmbH et als.; 1:22-cv-10883-PKC;

    Plaintiffs' Letter Motion for a Court Conference, to consolidate the outstanding proceedings, in anticipation of the filing of Plaintiffs' Amended Complaint

Dear Judge Castel:

    The undersigned together with Cory Hal Morris, Esq. and Jeffrey A. Donner, Esq. represent plaintiffs herein. We submit this Letter Motion, in anticipation of the filing of an amended complaint, for a premotion conference and to consolidate outstanding matters filed by counsel for Orthogen International GmbH ("Orthogen") which are spawned out of this litigation (as cited in their filings). We believe the requested conference is necessary in the interest of judicial economy, for the parties, for their counsel, for the production of documents and for the avoidance of duplicative proceedings and inconsistent rulings and results and preservation of judicial resources.

    Plaintiffs filed suit first. After Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine filed this case, *Schottenstein et al v. Capla et al*, 22-cv-10883-PKC (S.D.N.Y.), Orthogen then filed a 28 U.S.C. § 1782 against them in the Southern District of New York under *In Re: Orthogen International GmbH*, under case number 23-mc-00152-VSB. An Order to Show Cause [D.E. 11] was filed on behalf of Plaintiffs herein that remains unresolved. Similarly, Orthogen filed another 28 U.S.C. § 1782 against the Defendants, Edward and Yolanda Capla, in the Southern District of Florida under *In Re: Orthogen International GmbH*, 23-mc-80743-Middlebrooks-Matthewman.

    Plaintiffs' Florida counsel intends to file an application in the Southern District of Florida and submits that it will not oppose the stay and transfer sought by Defendants. Edward and Yolanda Capla. Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a/ NY Spine have a direct, substantial and legally protectable interest in the Southern District of Florida as an intended co-defendant in a German proceeding alleged to be forthcoming by Orthogen and in an actual German Proceeding commenced against them as a defendants. Nevertheless, the contemplated German Proceeding described in the Memorandum of Law in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 in both the Southern District of Florida and

*Schottenstein et al . v . FDA et al., Capla et al.*, Case No. 1:22-cv-10883-PKC
November 13, 2023
Page 2

New York renders any testimony given at a deposition ordered by the Florida court directly applicable to Plaintiffs herein since such testimony is sought to be used in the contemplated German proceeding where Plaintiffs herein, again, will become co-defendants.

On the basis of the foregoing, Plaintiffs respectfully submit that consolidation is appropriate and a conference concerning this application and these litigations is also appropriate given the amount of judicial resources and the multiple filings (three additional to date with a fourth filing contemplated) by Orthogen International GmbH in the United States District Courts in both Florida and New York and in Germany. Plaintiffs herein also seek such other, further and different relief needed to resolve these issues as may seem to the Court just and proper.

Additionally, plaintiffs respectfully request the Court extend the time for plaintiffs to move to amend the complaint until after the conference sought herein. The reason is that if plaintiffs now move to amend by 11/17, as set forth in the Court's scheduling order, it is quite clear the defendants will again move to dismiss (the Court having put their prior application to so move on stay pending plaintiffs' motion to amend. At that time plaintiffs will again seek to amend to remedy any issues raised by defendants 12B motions. Then upon either consolidation or the separate 1782 depositions and document productions it is likely the plaintiffs will again seek to amend based on the newly acquired discovery data. Thus holding the first amendment in abeyance pending the requested conference may well avoid on or two of the probable motions to amend and save both Court and attorney resources.

We thank the Court for its kind consideration and look forward to addressing the Court on these matters in person or electronically.

Respectfully submitted,

*/s/ Richard Bruce Rosenthal*
Richard Bruce Rosenthal, Esq.
*Co-Counsel for Plaintiffs*

545 E. Jericho Turnpike
Huntington Station, New York 11746
(PH) 631-629-8111 or 718-261-0200
(FAX) 631-961-8789 or 718-793-2791
richard@thedoglawyer.com