UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x File no. 22-cv-10883 (PKC)
DOUGLAS SCHOTTENSTEIN, MD and
SCHOTTENSTEIN PAIN AND NEURO, PLLC
d/b/a NY SPINE,

                        Plaintiffs,

            -against-

                                                    **ANSWER TO THE THIRD**
                                                    **AMENDED COMPLAINT**

EDWARD L. CAPLA, YOLANDA CAPLA and
"JOHN DOE, JANE DOE & ABC CORP. 1-10,"

                        Defendants.

------------------------------------------------------------------x

Defendants, Edward L. Capla and Yolanda Capla, by and through their attorneys, hereby

respectfully submit this Answer to the Third Amended Complaint and state as follows:

### JURISDICTION

1.  Defendants deny that this Court has subject matter jurisdiction over this action, as Plaintiffs

    have failed to adequately allege or prove that the amount in controversy exceeds the

    threshold required for diversity jurisdiction. Defendants further deny knowledge or

    information sufficient to form a belief as to the truth of the remaining allegations in

    paragraph 1.

### VENUE

2.  Defendants deny that venue is proper in this Court, as the Court lacks subject matter

    jurisdiction. In the event that the Court determines it has subject matter jurisdiction,

    Defendants admit that venue is proper. Otherwise, Defendants deny the allegations in

    paragraph 2 of the Third Amended Complaint.

1

3.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Third Amended Complaint.

4.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Third Amended Complaint.

5.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Third Amended Complaint.

6.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Third Amended Complaint.

7.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Third Amended Complaint.

8.  Defendants deny the allegations contained in paragraph 8 of the Third Amended Complaint.

9.  Defendants do not oppose Plaintiff's demand for a trial by jury on all issues so triable.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining claims of conversion and conspiracy alleged in paragraph 10 and therefore deny them. Defendants refer to the Court's order dismissing the other claims alleged in paragraph 10 of the Third Amended Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Third Amended Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Third Amended Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Third Amended Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Third Amended Complaint.

15. Defendant, Edward Capla received an MD from the prominent Poznan School of Medicine. However, Defendants admit that he is not a licensed practitioner in the United States.

16. Defendants deny the allegations in paragraph 16 and assert that the interpretation of the alleged agreement is governed by the "four corners" of the agreement itself.

17. Defendants deny the allegations contained in Paragraph 17 of the Third Amended Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Third Amended Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Third Amended Complaint.

**THE PARTIES AND STATEMENT OF FACTS**

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Third Amended Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Third Amended Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Third Amended Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Third Amended Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Third Amended Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Third Amended Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Third Amended Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Third Amended Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Third Amended Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Third Amended Complaint.

30. Defendants admit, Edward Capla received an MD from the prominent Poznan School of Medicine. Defendants also admit that he is not a licensed practitioner in the United States.

31. Defendants admit the allegations set forth in paragraph 31 of the Third Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Third Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Third Amended Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Third Amended Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Third Amended Complaint.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Third Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Third Amended Complaint.

38. Defendants deny the allegations in paragraph 38 of the Third Amended Complaint and assert that the interpretation of the alleged agreement is governed by the "four corners" of the agreement itself.

39. Defendants deny the allegations in paragraph 39 of the Third Amended Complaint and assert that the interpretation of the alleged agreement is governed by the "four corners" of the agreement itself.

40. Defendants deny the allegations in paragraph 40 of the Third Amended Complaint and assert that the interpretation of the alleged agreement is governed by the "four corners" of the agreement itself.

41. Defendants deny the allegations in paragraph 41 of the Third Amended Complaint and assert that the interpretation of the alleged agreement is governed by the "four corners" of the agreement itself.

42. Defendants deny the allegations contained in Paragraph 42 of the Third Amended Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Third Amended Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Third Amended Complaint.

45. Defendants admit the allegations set forth in paragraph 45 of the Third Amended Complaint.

46. Defendants deny the allegations contained in Paragraph 46i, ii, iii, iv, v, vi of the Third Amended Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Third Amended Complaint.

48. Defendants deny the allegations contained in Paragraph 48i, ii, iii, iv, & v of the Third Amended Complaint.

49. Defendants deny the allegations contained in Paragraph 49i, ii, iii of the Third Amended Complaint.

50. Defendants deny the allegations contained in Paragraph 50i, ii, iii of the Third Amended Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Third Amended Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Third Amended Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Third Amended Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Third Amended Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Third Amended Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Third Amended Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Third Amended Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Third Amended Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Third Amended Complaint.

60. Defendants admit the allegations set forth in paragraph 60 of the Third Amended Complaint.

61. Defendants admit the allegations set forth in paragraph 61 of the Third Amended Complaint.

62. Defendants admit the allegations set forth in paragraph 62 of the Third Amended Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Third Amended Complaint.

64. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Third Amended Complaint.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Third Amended Complaint.

66. Defendants admit the allegations set forth in paragraph 66 of the Third Amended Complaint.

67. Defendants admit the allegations set forth in paragraph 67 of the Third Amended Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Third Amended Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Third Amended Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Third Amended Complaint.

71. Defendants admit the allegations set forth in paragraph 71 of the Third Amended Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Third Amended Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Third Amended Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Third Amended Complaint.

75. Defendants admit the allegations set forth in paragraph 75 as to defendants inability to operate as a sole licensee, however, deny the allegations purporting there to be any sort of scheme as Capla's role was to provide business and administrative support.

76. Defendants deny the allegations contained in Paragraph 76 of the Third Amended Complaint.

77. Defendants admit the allegations set forth in paragraph 77 of the Third Amended Complaint.

78. Defendants admit the allegations set forth in paragraph 78 of the Third Amended Complaint.

79. Defendants admit the allegations set forth in paragraph 79 of the Third Amended Complaint.

80. Defendants deny the allegations in paragraph 80 of the Third Amended Complaint in so much as the interpretation of the alleged license is governed by the "four corners" of the agreement itself.

81. Defendants deny the allegations in paragraph 81 of the Third Amended Complaint in so much as the interpretation of the alleged license is governed by the "four corners" of the agreement itself.

82. Defendants admit the allegations set forth in paragraph 82 of the Third Amended Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Third Amended Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Third Amended Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Third Amended Complaint.

86. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Third Amended Complaint.

87. Defendants request the discovery of same.

88. Defendants deny the allegations contained in Paragraph 88 of the Third Amended Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Third Amended Complaint as Dr. Schottenstein was equally involved with everything that was given by Orthogen.

90. Defendants deny the allegations contained in Paragraph 90 of the Third Amended Complaint.

91. Defendants admit the allegations set forth in paragraph 91 of the Third Amended Complaint to the extent that these reports were finalized by Plaintiff to send to Orthogen and deny all other allegations contained in paragraph 91.

92. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Third Amended Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Third Amended Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Third Amended Complaint.

95. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Third Amended Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Third Amended Complaint.

97. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Third Amended Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Third Amended Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Third Amended Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Third Amended Complaint.

## BREACH OF CONTRACT

101. Defendants deny the allegations contained in Paragraphs 101-103 of the Third Amended Complaint in so much as the Court has dismissed these claims and causes of action in its order dated September 9, 2024.

## UNJUST ENRICHMENT AND QUANTUM MERUIT

102. Defendants deny the allegations contained in Paragraphs 104-111 of the Third Amended Complaint in so much as the Court has dismissed these claims and causes of action in its order dated September 9, 2024.

## ADDITIONAL FACTS RELEVANT TO THE PLAINTIFF'S CLAIMS

103. Defendants deny the allegations contained in Paragraph 112 of the Third Amended Complaint.

104. Defendants deny the allegations contained in Paragraph 113 of the Third Amended Complaint.

105. Defendants deny the allegations contained in Paragraph 114 of the Third Amended Complaint.

106. Defendants deny the allegations contained in Paragraph 115 of the Third Amended Complaint.

107. Defendants admit the allegations contained in Paragraph 116 of the Third Amended Complaint.

108. Defendants deny the allegations contained in Paragraph 117 of the Third Amended Complaint.

109. Defendants deny the allegations contained in Paragraph 118 of the Third Amended Complaint.

110. Defendants deny the allegations contained in Paragraph 119 of the Third Amended Complaint.

111. Defendants deny the allegations contained in Paragraph 120 of the Third Amended Complaint, except admit that the paragraph references a text message sent from Yolanda Capla.

112. Defendants deny the allegations contained in Paragraph 121 of the Third Amended Complaint.

113. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Third Amended Complaint.

114. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Third Amended Complaint.

115. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Third Amended Complaint.

116. Defendants deny the allegations contained in Paragraph 125 of the Third Amended Complaint.

117. Defendants deny the allegations contained in Paragraph 126 of the Third Amended Complaint.

118. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Third Amended Complaint.

119. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Third Amended Complaint.

120. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Third Amended Complaint.

121. Defendants deny the allegations contained in Paragraph 130 of the Third Amended Complaint.

122. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Third Amended Complaint.

123. Defendants deny the allegations contained in Paragraph 132 of the Third Amended Complaint.

124. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Third Amended Complaint.

125. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Third Amended Complaint.

126. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Third Amended Complaint.

127. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Third Amended Complaint.

128. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Third Amended Complaint.

129. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Third Amended Complaint.

130. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Third Amended Complaint.

131. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Third Amended Complaint.

132. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Third Amended Complaint.

133. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Third Amended Complaint.

134. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Third Amended Complaint.

135. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Third Amended Complaint.

136. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Third Amended Complaint.

137. Defendants deny the allegations contained in Paragraph 146 of the Third Amended Complaint as to the claims not already dismissed.

138. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the Third Amended Complaint.

139. Defendants deny the allegations contained in Paragraph 148 of the Third Amended Complaint.

140. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Third Amended Complaint.

141. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the Third Amended Complaint.

142. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Third Amended Complaint.

143. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Third Amended Complaint.

144. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Third Amended Complaint.

145. Defendants deny the allegations contained in Paragraph 155 of the Third Amended Complaint.

146. Defendants deny the allegations contained in Paragraph 156 of the Third Amended Complaint.

147. Defendants deny the allegations contained in Paragraph 157 of the Third Amended Complaint.

148. Defendants deny the allegations contained in Paragraph 158 of the Third Amended Complaint.

149. Defendants deny the allegations contained in Paragraph 159 of the Third Amended Complaint.

150. Defendants deny the allegations contained in Paragraph 160 of the Third Amended Complaint.

151. Defendants deny the allegations contained in Paragraph 161 of the Third Amended Complaint.

152. Defendants deny the allegations contained in Paragraph 162 of the Third Amended Complaint.

153. Defendants deny the allegations contained in Paragraph 163 of the Third Amended Complaint.

154. Defendants deny the allegations contained in Paragraph 164 of the Third Amended Complaint.

155. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Third Amended Complaint.

156. Defendants deny the allegations contained in Paragraph 166 of the Third Amended Complaint.

157. Defendants deny the allegations contained in Paragraph 167 of the Third Amended Complaint.

158. Defendants deny the allegations contained in Paragraph 170 of the Third Amended Complaint except to the fact that the license was not renewed.

159. Defendants deny the allegations contained in Paragraph 171 of the Third Amended Complaint.

160. Defendants admit the allegations contained in paragraph 172 of the Third Amended Complaint.

161. Defendants admit the allegations contained in paragraph 173 of the Third Amended Complaint.

162. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174.

163. Defendants deny the allegations contained in Paragraph 175 of the Third Amended Complaint.

164. Defendants deny the allegations contained in Paragraph 176 of the Third Amended Complaint.

165. Defendants deny the allegations contained in Paragraph 177 of the Third Amended Complaint.

166. Defendants deny the allegations contained in Paragraph 178 of the Third Amended Complaint.

167. Defendants deny the allegations contained in Paragraph 179 of the Third Amended Complaint.

## CAUSES OF ACTION

168. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the Third Amended Complaint.

169. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the Third Amended Complaint.

170. Defendants deny the allegations contained in Paragraph 182 of the Third Amended Complaint.

171. Defendants deny the allegations contained in Paragraph 183 of the Third Amended Complaint.

172. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 of the Third Amended Complaint.

173. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Third Amended Complaint.

174. Defendants deny the allegations contained in Paragraph 186 of the Third Amended Complaint.

175. Defendants deny the allegations contained in Paragraph 187 of the Third Amended Complaint.

176. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Third Amended Complaint.

177. Defendants deny the allegations contained in Paragraph 189 of the Third Amended Complaint.

178. Defendants deny the allegations contained in Paragraph 190 of the Third Amended Complaint.

179. Defendants deny the allegations contained in Paragraph 191 of the Third Amended Complaint.

180. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Third Amended Complaint.

181. Defendants deny all the allegations contained in Paragraphs 194-201, of the Third Amended Complaint.

182. Additionally, these claims have been dismissed pursuant to the Court Order dated September 9, 2024.

183. Defendants deny all the allegations contained in Paragraph 203, 204, 205, 206 and 207, of the Third Amended Complaint.

184. Defendants deny the allegations contained in Paragraph 210, 211, 212, 213, 214, 215, 216, 217, and 218 of the Third Amended Complaint.

185. Defendants deny all the allegations contained in Paragraphs 219-231, of the Third Amended Complaint.

186. Additionally, these claims have been dismissed pursuant to the Court Order dated September 9, 2024.

187. Defendants deny all the allegations contained in Paragraphs 232-238, of the Third Amended Complaint.

188. Additionally, these claims have been dismissed pursuant to the Court Order dated September 9, 2024.

189. Defendants deny all the allegations contained in Paragraphs 239-264, of the Third Amended Complaint.

190. Additionally, these claims have been dismissed pursuant to the Court Order dated September 9, 2024.

191. Defendants deny all the allegations contained in Paragraphs 266-279, of the Third Amended Complaint.

192. Additionally, these claims have been dismissed pursuant to the Court Order dated September 9, 2024.

193. To the extent the section entitled 'Prayer for Relief' contains any allegations against Defendants Edward Capla and Yolanda Capla, those are denied it their entirety by the Defendants.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

Plaintiffs' Third Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

### LACK OF SUBJECT MATTER JURISDICTION

Plaintiffs have failed to establish that this Court has subject matter jurisdiction over the claims alleged. In particular, Plaintiffs have not sufficiently demonstrated that the amount in controversy exceeds the jurisdictional threshold for diversity or that complete diversity exists among the parties.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### IMPROPER VENUE

Venue is not proper in this District under 28 U.S.C. § 1391.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### STATUTE OF LIMITATIONS

Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations, including but not limited to any relevant state or federal limitations periods.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, OR IN THE ALTERNATIVE
### WAIVER, ESTOPPEL, AND/OR ACQUIESCENCE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or acquiescence, in that Plaintiffs knew or should have known of the alleged facts giving rise to their

claims and either consented to, encouraged, or acquiesced in the actions about which they now complain.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE DAMAGES

To the extent Plaintiffs have suffered any damages (all of which Defendants deny), Plaintiffs have failed to take reasonable steps to mitigate or avoid such damages, thereby barring or reducing any recovery.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,

## OR IN THE ALTERNATIVE CONSENT

Plaintiffs expressly or impliedly consented to certain of the actions about which they now complain, barring them from recovery or limiting their recovery.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
## GOOD FAITH / JUSTIFICATION

All actions taken by Defendants were taken in good faith, without any wrongful intent, and were justified or privileged under the circumstances. Plaintiffs' claims are therefore barred in whole or in part.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
## LICENSE / CONTRACTUAL AUTHORIZATION

To the extent Plaintiffs' claims relate to the use of licensed property or processes, any actions taken by Defendants were authorized or permitted by the applicable agreement(s), thereby barring or limiting Plaintiffs' claims.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
## NO PROXIMATE CAUSATION

Plaintiffs' alleged damages, if any, were not proximately caused by Defendants' conduct.

Plaintiffs' injuries, if they exist, are attributable to acts or omissions of third parties or to Plaintiffs'

own conduct.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE
## NO DAMAGES

Plaintiffs have not suffered any cognizable damages under applicable law, or have otherwise been

made whole, precluding any recovery against Defendants.

## AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE
## ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses, whether affirmative or otherwise, that

may arise or become known during the course of discovery or further proceedings in this action.

**WHEREFORE**, having fully answered the Third Amended Complaint and asserted these

Affirmative Defenses, Defendants respectfully request that this Court:

1. Dismiss the Third Amended Complaint in its entirety with prejudice.

2. Award Defendants their costs and attorneys' fees; and

3. Grant such other and further relief as the Court deems just and proper.

**Dated: February 27, 2025**

Gordon & Gordon, P.C.

/S/ PETER S. GORDON, ESQ.
Peter S. Gordon, Esq.
Attorney for Defendants

Edward Capla and Yolanda Capla
108-18 Queens Blvd., 4th Fl
Forest Hills, NY 11375
T: (718) 544 – 7070

To: All parties via ECF