UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MD DOUGLAS SCHOTTENSTEIN and
SCHOTTENSTEIN PAIN AND NEURO, PLLC,
d/b/a NY SPINE MEDICINE,

                          Plaintiffs,                        22-cv-10883 (PKC)

      -against-                                    ORDER

EDWARD L. CAPLA and YOLANDA CAPLA,

                          Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendants Edward L. Capla and Yolanda Capla move to dismiss the Third Amended Complaint pursuant to Rule 12(b)(1), Fed. R. Civ. P., urging that plaintiffs in this diversity case have not alleged with reasonable probability an amount in controversy exceeding $75,000. (ECF 150.) The motion will be denied.

        Familiarity with plaintiffs' claims and the procedural history is assumed. An Opinion and Order of September 9, 2024 denied defendants' motion to dismiss claims of conversion and civil conspiracy to commit conversion but granted the motion to dismiss claims of fraud and unjust enrichment. Schottenstein v. Capla, 2024 WL 4135303 (S.D.N.Y. Sept. 9, 2024). Fact discovery is set to close on August 1, 2025. (ECF 136.)

        Pursuant to 28 U.S.C. § 1332, a federal court has original jurisdiction over a civil action between citizens of different states where the amount in controversy exceeds $75,000. On a motion to dismiss for lack of subject matter jurisdiction, a court accepts a complaint's factual allegations as true and draws all inferences in the light most favorable to the plaintiff. See, e.g., Jaghory v. N.Y. State Dep't of Education, 131 F.3d 326, 329 (2d Cir. 1997). "A party invoking

the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount. This is not an onerous burden. We recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." GW Holdings Grp., LLC v. U.S. Highland, Inc., 794 Fed. App'x 49, 50 (2d Cir. 2019) (summary order) (internal citations and quotation marks omitted).

"To overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003). "It is not easy to do this. The legal impossibility of recovery must be so certain as virtually to negate the plaintiff's good faith in asserting the claim. Even where the allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." GW Holdings, 794 Fed. App'x at 51 (internal citations, quotation marks and brackets omitted). Courts "measure the amount in controversy as of the date of the complaint. Once jurisdiction has attached, it cannot be ousted by subsequent events." Scherer, 347 F.3d at 397.

The initial Complaint invoked solely federal question jurisdiction, 28 U.S.C. § 1331. (Compl't ¶ 12 (ECF 1).) A conversion claim against Edward Capla alleged that he was jointly and severally liable for $129,356,404 in damages. (Compl't ¶ 228.) The initial Complaint alleged that from roughly 2014 through 2020, plaintiffs and the Capla defendants each received annual distributions of approximately $6 million from their shared Regenokine practice, and that the Capla defendants have subsequently earned increasing annual revenue at plaintiffs' expense. (Compl't ¶ 51, 76, 252.)

The Amended Complaint invoked both diversity jurisdiction and federal question jurisdiction. (Am. Compl't ¶¶ 10-11 (ECF 24).) It asserted that the Capla defendants were liable for more than $75,000 in damages as a result of an alleged civil conspiracy. (Am. Compl't ¶ 244.) The Second Amended Complaint invoked both diversity and federal question jurisdiction, asserting that the amount in controversy exceeds $75,000. (SAC ¶¶ 1-2, 259 (ECF 67).) The Third Amended Complaint invoked solely diversity jurisdiction, and again alleged an amount in controversy exceeding $75,000. (TAC ¶ 1 (ECF 93).) The Third Amended Complaint seeks "at least a 50% interest" in the Capla defendants' revenue from their use of the Regenokine treatment program and seeks damages "greater than $75,000." (TAC ¶ 10, 162, 250.)

While the four iterations of the complaint have invoked varying theories of liability and cited a range of damages figures, the Court comfortably concludes that from the outset of this action plaintiffs have consistently alleged an amount in controversy that exceeds $75,000. The initial Complaint asserted that the Capla defendants received annual revenue of approximately $6 million in connection with their work with plaintiffs and that their annual revenue has likely increased since 2020. Plaintiffs have asserted that the Capla defendants' alleged conversion and participation in a civil conspiracy have wrongfully deprived plaintiffs of some part of this revenue. (See, e.g., Compl't ¶ 144; TAC ¶¶ 213-14.) The allegations are sufficient to satisfy the low burden required to make a good faith representation that the amount in controversy exceeds $75,000. See generally GW Holdings, 794 Fed. App'x at 50.

In support of their motion, defendants have not rebutted the presumption of good faith afforded to plaintiffs' claimed damages. They cite no evidence that shows to a legal certainty that the amount recoverable cannot meet the jurisdictional threshold. See Scherer, 347 F.3d at 397. Defendants state that "nowhere within the confines of the plaintiffs' complaint is it

alleged that the plaintiffs' action seeks an amount in controversy in excess of $75,000" (ECF 152 at 1), an assertion belied by a cursory review of the pleadings. Defendants' legal argument relies heavily on the pleading requirements of the Class Action Fairness Act, which is not at issue in this case. (See ECF 150-2.) The reliance on plaintiffs' failure to identify a damages calculation in their Rule 26 initial disclosures is also misplaced. While plaintiffs' initial disclosures failed to recite "a computation of each category of damages claimed" as required by Rule 26(a)(1)(A)(iii),[1] such non-compliance does not go to the existence of subject matter jurisdiction. See, e.g., Thompson v. Jamaica Hosp. Med. Ctr., 2015 WL 3824254, at *1 (S.D.N.Y. June 19, 2015) (deciding Rule 37 motion directed to non-compliance with Rule 26(a)(1)(A)(iii)) (Sweet, J.); see also Scherer, 347 F.3d at 397 (if the amount in controversy is established as of the date of the complaint, "it cannot be ousted by subsequent events.").

CONCLUSION.

Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED. The Clerk is respectfully directed to terminate the motion. (ECF 150.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 3, 2025

---

[1] Plaintiffs stated in their initial disclosures that they "reserve the right to supplement these initial disclosures with a detailed computation of damages after further discovery is conducted, but generally seeks [sic] the following category of damages: 1. Compensatory damages . . . ." (ECF 150-3.)