**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOUGLAS SCHOTTENSTEIN, MD AND SCHOTTENSTEIN PAIN AND NEURO, PLLC D/B/A NY SPINE., <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD L. CAPLA; YOLANDA CAPLA, JOHN DOE, JANE DOE & ABC CORP. 1-10, <br><br> Defendants. | Civil Action # 22-cv-10883-(PKC) <br><br> **CONFIDENTIALITY AND PROTECTED HEALTH INFORMATION STIPULATION AND PROPOSED PROTECTIVE ORDER** |

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.      Counsel may also designate as "CONFIDENTIAL" any document or information containing, in whole or in part, Protected Health Information ("PHI"). Such "CONFIDENTIAL" designation of any document or information containing PHI is consistent with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder, including specifically 45 C.F.R. § 164.512(e)(1)(ii)(B) and 164.512(e)(1)(v), to enable the production of, and limited the use or disclosure of, any PHI.

3.      As used herein, PHI shall have the same definition as set forth in 45 C.F.R. § 160.103.

4.      Pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for purposes of HIPAA compliance, each deponent duly noticed for deposition in this manner is authorized to use or disclose to the attorneys, agents, employees, and designees of each Party in this matter PHI that is responsive to deposition questions or the Subpoenas at such duly-noticed deposition.

5.      Plaintiffs and Defendants are hereby authorized through discovery to receive, subpoena, and transmit PHI, to the extent that such information is otherwise discoverable pursuant to the Subpoenas and not objectionable, subject to all conditions outlined herein.

6.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

7.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

8.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

(a)      The requesting party and counsel, including in-house counsel;

(b)      Employees of such counsel assigned to and necessary to assist in the litigation;

(c)      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

(d)      The Court (including the mediator or other person having access to any Confidential Information by virtue of his or her position with the Court);

9.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

(a)      Inform the person of the confidential nature or of the information or documents or inform the person that the information or documents contains CONFIDENTIAL information;

(b)      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

(c)      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

10.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

11.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

12.     Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful process.

13.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14.     Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

15.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in not event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

17.     The provisions of this Order shall not terminate at the conclusion of this matter. This Order shall remain in full force and effect and each person or entity subject to this Order shall continue to be subject to the jurisdiction of the United States District Court for the Southern district of New York, for the purposes of enforcement of the terms of this Order.

**IT IS SO STIPULATED.**

**BRACH EICHLER, LLC**                          **LEVIN-EPSTEIN & ASSOCIATES, P.C.**

By:/s/ *Edward D. Altabet*                      By: /s/ *Joshua Levin-Epstein*
Edward D. Altabet, Esq.                         Joshua Levin-Epstein, Esq.
Attorneys for Plaintiffs                        Attorneys for Defendants

Dated: October 8, 2025

**SO ORDERED.**

_____

Hon. P. Kevin Castel, U.S.D.J.

New York, NY

October 9, 2025

4

# EXHIBIT A

## Agreement

I have been informed by counsel that certain documents or information disclosed to me in connection with the matter entitled Schottenstein, et al. v. Capla, et al. have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20___

_____          _____
Name (printed)                               Signature

Signed in the presence of:

_____
(Attorney)