# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2458 • New York, New York 10170
T: 212.792.0046 • E: Joshua@levinepstein.com

December 12, 2025

***Via Electronic Filing***
The Hon. P. Kevin Castel, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Schottenstein et al v. Capla et al*
        Case No.: 1:22-cv-10883-PKC

Dear Honorable Judge Castel:

This law firm represents Defendants Edward L. Capla ("Mr. Capla") and Yolanda Capla ("Ms. Capla" and together with Mr. Capla, the "Defendants") in the above-referenced matter.

Pursuant to Your Honor's Individual Motion Practice Rules, this letter respectfully serves to request an extension of time to complete discovery, from December 15, 2025 to, through and including, January 29, 2025.

This is the third request of its kind [*see* Dckt. Nos. 160, 170], and is made on consent of counsel for Plaintiffs Dr. Douglas Schottenstein and Schottenstein Pain and Neuro, PLLC (d/b/a NY Spine Medicine) (together, the "Plaintiffs").

This request is not made lightly. As set forth in greater detail in Mr. Capla's motion for an interim stay [Dckt. Nos. 176-179], which is made solely as to Mr. Capla (not Mrs. Capla), Mr. Capla is presently suffering from severe and debilitating health conditions that have significantly impaired his ability to participate meaningfully in discovery. According to Mr. Capla's medical professionals, Mr. Capla's limitations substantially impair his ability to participate in the litigation in any meaningful way during this period. [*See* Dckt. No. 179]. The undersigned anticipates filing a supplemental exhibit, from Mr. Capla's neurologist (also under seal), further detailing Mr. Capla's present medical ailments.

Although Mrs. Capla is not suffering from any health-related condition, she has been primarily responsible for caring for Mr. Capla. Proceeding with Ms. Capla's deposition before the completion of that discovery would be inefficient and would not meaningfully advance the instant proceeding. Accordingly, we request a reasonable extension to allow the parties to work on the completion of the paper discovery before scheduling her deposition.

Rule 1 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") requires the Court and the parties to construe, administer, and employ the Fed. R. Civ. P. "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "What is just, speedy and inexpensive varies by case." *City of Almaty, Kazahkstan v. Ablyazov*, No. 15CV05345AJNKHP, 2018 WL 2148430, at *1 (S.D.N.Y. May 10, 2018) (internal citations and quotations omitted). "Trial courts have broad authority to oversee and fashion discovery as appropriate for each case." *Id*. (internal citations and quotations omitted).

Where, as here, a scheduling order has been entered by the Court pursuant to Fed.R.Civ.P. 16(b), the court-ordered schedule "may be modified [] for good cause and with the judge's consent." *Baburam v. Fed. Express Corp.*, 318 F.R.D. 5, 7 (E.D.N.Y. 2016) (quoting Fed.R.Civ.P. 16(b)(4)).  "Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir.2009) (internal quotation marks and citations omitted). Stated differently, the moving party must demonstrate that "the deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000).

The instant application is made before the close of the fact discovery deadline.  In the case at bar, Plaintiff and Defendants have exchanged documents and the parties' counsel have had numerous recent phone calls and emails in an effort to streamline the discovery process and narrow the scope of discovery disputes.

In light of the foregoing, it is respectfully requested that the Court grant an extension of time to complete discovery, from December 15, 2025 to, through and including, January 29, 2025.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By:  */s/* Joshua D. Levin-Epstein
Joshua D. Levin-Epstein, Esq.
420 Lexington Avenue, Suite 2458
New York, NY 10170
Tel. No.:  (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for Defendants*

Cc: All counsel-of-record, via ECF.

The application for a stay is DENIED because Mr. Capla's likely medical condition, long COVID, is not susceptible to resolution within 45 days and Mr. Capla's testimony is material to this action. The application for an extension of discovery to January 29, 2026 is GRANTED.  Mr. Capla's deposition shall be limited to two  3 ½ hour sessions and plaintiffs' counsel shall honor reasonable requests for breaks provided that no break shall be permitted while a question is pending.  The Clerk shall terminate the motions at ECF 176, 178, 180 and 181.
SO ORDERED.
12/12/2025

_____
P. Kevin Castel
United States District Judge

2