UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MD DOUGLAS SCHOTTENSTEIN and
SCHOTTENSTEIN PAIN AND NEURO, PLLC,
doing business as NY SPINE MEDICINE,

Plaintiffs,

22-cv-10883 (PKC)

-against-

ORDER

EDWARD L. CAPLA and YOLANDA CAPLA,

Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

Plaintiffs have filed a motion to maintain redactions to five exhibits attached to a letter-motion that sought a conference pursuant to Local Civil Rule 37.2 for the purpose of resolving a discovery dispute between the parties. (ECF 185.) Because the redactions are limited to the names, health conditions and identifying information of third-party medical patients, the motion will be granted.

A three-step analysis governs whether a filing may be made under seal. First, the court determines whether the filing is a "judicial document;" second, it determines the weight of the presumption of access afforded to the document; and third, the court must identify and weigh factors "that legitimately counsel" against public access. Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020). Sealing or redaction is warranted if the privacy interests of the party resisting disclosure outweigh the presumption of access. Id.

Judicial documents are materials that are "'relevant to the performance of the judicial function and useful in the judicial process . . . .'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I"). Whether a submission is a "judicial document" is determined as of the time of filing and is not dependent upon the Court's ultimate reliance upon the document. Giuffre v. Maxwell, 146 F.4th 165, 175 (2d Cir. 2025) ("Maxwell II") ("we here state explicitly that a judicial document determination is properly made by evaluating the relevant materials at the time of their filing with the court.").

"[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II"). "[T]he presumption of public access in filings submitted in connection with discovery disputes or motions in limine is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019) ("Maxwell I"). "Thus, while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." Id.

Courts must consider the "nature and degree of the injury" if information is publicly disclosed. Mirlis, 952 F.3d at 61. Redaction may be appropriate to protect confidential information. Amodeo II, 71 F.3d at 1047-48. The privacy interests of third parties "should weigh heavily in a court's balancing equation." S.E.C. v. TheStreet.Com, 273 F.3d 222, 232 (2d

Cir. 2001) (quotation marks omitted). Such privacy interests "are a venerable common law exception to the presumption of access." Amodeo II, 71 F.3d at 1051.

The Court concludes that the documents subject to plaintiffs' application are judicial documents because they are relevant to the performance of the judicial function. Lugosch, 435 F.3d at 119. Because the documents relate to a discovery dispute, they are afforded a somewhat lower presumption of public access than would be given to documents submitted in connection with a dispositive motion or trial. Maxwell I, 929 F.3d at 50.

The Court concludes that redaction is appropriate. The redactions are narrowly tailored to conceal the names, phone numbers, health conditions, medical histories, dates of birth, and internal account numbers of third-party medical patients. The redactions protect the confidentiality and privacy interests of those third parties. There is no countervailing public interest in the public disclosure of this information. See Amodeo II, 71 F.3d at 1047-48; TheStreet.Com, 273 F.3d at 232.

Plaintiff's motion to seal is GRANTED. The Clerk is respectfully directed to terminate the motion. (ECF 185.).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 30, 2026